1  Jordanna G. Thigpen (SBN 232642)
2  **THIGPEN LEGAL, P.C.**
   9595 Wilshire Blvd. Suite 961
3  Beverly Hills, CA 90212
4  Tel:  (310) 210-7491
   Fax:  (310) 362-0456
5  Email: jt@thigpenlegal.com

*Attorneys for Plaintiff*
Mohammad Etminan, M.D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD ETMINAN, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHATEC SPINE, INC.,<br><br>Defendants. | Case No. **'24CV0395 GPC DEB**<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>3. RESTITUTION (UNJUST ENRICHMENT)<br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Mohammad Etminan, M.D. ("Plaintiff" or "Etminan"), for Plaintiff's Complaint against Defendant Alphatec Spine, Inc. ("Defendant" or "Alphatec"), states and alleges as follows:

**IDENTIFICATION OF THE PARTIES, JURISDICTION, AND VENUE**

1. Etminan is an adult individual who, at times relevant to this action, is a citizen of the United States and has been domiciled in Texas, wherein at the time of the filing of this Complaint Etminan resides in Houston, Texas with the intention to remain.

2. On information and belief, Alphatec is a California corporation with its principal place of business in San Diego County, California.

3. Subject matter jurisdiction is proper in this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). This is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

4. Personal jurisdiction over Defendant and venue are proper in this judicial district because Defendant's principal place of business is in San Diego County, California and the contract at issue requires venue in San Diego County, California.

**FIRST CLAIM FOR RELIEF**

BREACH OF CONTRACT

[By Plaintiff against Defendant]

5. Plaintiff re-alleges and incorporate by this reference each allegation contained in paragraphs 1 through 4.

6. Effective July 4, 2013, Plaintiff and Defendant entered into a valid and binding agreement called the Product Development Agreement – Alphatec Design (the "Agreement").

7. The Agreement required Defendant to pay Plaintiff a royalty on the "Product" defined in the Agreement. The "Product" is an interbody cage designed

1 to be inserted via a direct lateral approach for orthopedic surgical application. Pursuant to the terms of the Agreement, the precise nature of the device is confidential, as is the Agreement itself.

8. Plaintiff performed or substantially performed all, or substantially all, of the significant things that the Agreement required Plaintiff to do or was excused from such performance.

9. Within the last four years prior to the commencement of this lawsuit, Defendant breached Paragraph 4 of the Agreement by not paying Plaintiff royalties owed. The statute of limitations continuously accrued based on every royalty payment that was owed but not paid.

10. Plaintiff has been damaged as a direct and proximate result of Defendant's breaches of contract in an amount to be determined but of at least $1,000,000, to be determined by the trier of fact.

## SECOND CLAIM FOR RELIEF

BREACH OF THE IMPLIED COVENANT

OF GOOD FAITH AND FAIR DEALING

[By Plaintiff against Defendant]

11. Plaintiff re-alleges and incorporate by this reference each allegation contained in paragraphs 1 through 4.

12. Plaintiff and Defendant entered into the Agreement.

13. In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

14. Plaintiff did all, or substantially all, of the significant things that he was required to do under the Agreement, and was excused from all other obligations by virtue of Defendant's material breaches addressed in this Complaint. All conditions required for Plaintiff's performance have occurred or were excused.

15. Defendant unfairly interfered with Plaintiff's right to receive the benefits of the Agreement, including by failing to account to and pay Plaintiff his rightful share of the royalties, and by interpreting and/or determining that the Agreement did not include the devices that Defendant was selling, such that Plaintiff was not entitled to earn royalties at all. Defendant also negotiated with third parties and otherwise interfered with Plaintiff's right to receive royalties pursuant to the Agreement.

16. Thus, within the last four years prior to the commencement of this lawsuit, Defendant breached the implied covenant of good faith and fair dealing by claiming that Plaintiff is not entitled to receive a royalty under the Agreement. The statute of limitations continuously accrued based on every royalty payment that was owed but not paid.

17. Plaintiff has been damaged as a direct and proximate result of Defendant's conduct in an amount to be determined by the trier of fact but of at least $1,000,000.

## THIRD CAUSE OF ACTION

RESTITUTION FOR UNJUST ENRICHMENT

[By Plaintiff against Defendant]

18. Plaintiff re-alleges and incorporate by this reference each allegation contained in paragraphs 1 through 4.

19. Plaintiff conferred a benefit on Defendant by developing a lateral interbody device sold by Defendant.

20. Plaintiff is entitled to an order requiring Defendant to make restitution to Plaintiff for any benefit that Defendant has unjustly retained.

21. Plaintiff has been damaged as a direct and proximate result of Defendant's conduct in an amount to be determined by the trier of fact but of at least 1,000,000.

THIGPEN LEGAL, P.C.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For damages in an amount of at least $1,000,000;
2. For interest, including prejudgment interest, as permitted by law;
3. For restitution;
4. For costs of suit incurred herein; and
5. For any other legal and equitable relief the Court may order.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

THIGPEN LEGAL, P.C.

Dated: February 28, 2024          By:   /s/ Jordanna G. Thigpen
                                        Jordanna G. Thigpen

                                        *Attorneys for Plaintiff*
                                        Mohammad Etminan, M.D.

-4-
COMPLAINT