UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD ETMINAN, M.D.;<br><br>                                      Plaintiff,<br><br>v.<br><br>ALPHATEC SPINE, INC.;<br><br>                                      Defendant. | Case No.: 24-cv-00395-GPC-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[Dkt. No. 5]** |

Before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedures 12(b)(6).  (Dkt. No. 5.)  Plaintiff filed an opposition and Defendant replied.  (Dkt. Nos. 8, 9.)  The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1).  Based on the reasoning below, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss with leave to amend.

**Background**

On February 28, 2024, Plaintiff Mohammad Etminan, M.D. ("Plaintiff") filed a complaint against Defendant Alphatec Spine, Inc. ("Defendant") claiming breach of contract, breach of the implied covenant of good faith and fair dealing, and restitution for unjust enrichment.  (Dkt. No. 1, Compl.)

Plaintiff alleges that, effective July 4, 2013, he and Defendant entered into a valid and binding agreement, the Product Development Agreement – Alphatec Design ("Agreement").  (Dkt. No. 1, Compl. ¶ 6.)  The Agreement required Defendant to pay Plaintiff a royalty on the Product, which was an interbody cage used for orthopedic surgery applications.  (*Id.* ¶ 7.)  Plaintiff's Complaint alleges claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) Restitution.  Plaintiff claims that Defendant breached the implied covenant of good faith and fair dealing by failing to account to and pay Plaintiff his rightful share of royalties; interpreting the Agreement as excluding the devices that Defendant was selling to avoid owing royalties, and negotiating with third parties or otherwise interfering with Plaintiff's right to receive royalties pursuant to the Agreement.  (*Id.* ¶¶ 9, 15.)  Additionally, Plaintiff argues that he is owed restitution for unjust enrichment because Defendant unjustly retained a benefit conferred by Plaintiff's development of the Product.  (*Id.* ¶¶ 19-20.)

On May 28, 2024, Defendant filed the instant motion to dismiss for failure to state a claim on the second and third causes of action without leave to amend.  (Dkt. No. 5.)  On June 21, 2024, Plaintiff opposed the motion to dismiss.  (Dkt. No. 8 at 7-8.[1])  On June 28, 2024, Defendant filed a reply.  (Dkt. No. 9.)

## Discussion

**A.     Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) requires the Court to dismiss claims that fail to establish a cognizable legal theory or do not allege sufficient facts to support a cognizable legal theory.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).  Under Rule

---

[1] Page numbers are based on the CM/ECF pagination.

8(a)(2), a complaint must contain "a short and plain statement of the claim which entitles the pleader to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations but must provide allegations that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. While the plausibility standard is not a probability test, it does require more than a mere possibility the defendant acted unlawfully. *Id.* at 556. "When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

When dismissal is appropriate, leave to amend should generally be given freely. *Id*. However, if the plaintiff's proposed amendments would fail to cure the pleading's deficiencies and amendment would be futile, the Court may dismiss without leave to amend. *Id*.

**B.     Second Cause of Action – Breach of the Implied Covenant of Good Faith and Fair Dealing**

Defendant argues that Plaintiff's breach of the implied covenant claim is superfluous because it merely relies on the same alleged conduct and seeks the same remedies as the alleged breach of contract cause of action, and that Plaintiff failed to allege "bad faith" conduct.  (Dkt. No. 5-1 at 7; Dkt. No. 9 at 3-4.)  Plaintiff responds that the claim is not superfluous because the allegations go beyond what was alleged in the breach of contract claim by claiming Defendant unfairly interfered with Plaintiff's right to receive benefits of the agreement.  (Dkt. No. 8 at 7-8.)

Under California law, to support a cause of action for breach of contract, the plaintiff must establish "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted).  A breach of the implied covenant of good faith and fair dealing claim requires the same elements as a claim for breach of contract, except the plaintiff must show that the defendant deprived the plaintiff of a benefit of the contract in violation of the parties' expectations at the time of contracting instead of showing that defendant breached an express contractual duty.  *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 945 (S.D. Cal. 2020) (citation and quotation omitted).  The covenant of good faith and fair dealing is implied by law in every contract and exists to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement.  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000).  A claim for breach of the implied covenant of good faith and fair dealing is not duplicative of a breach of contract claim when a plaintiff alleges the defendant acted in bad faith to frustrate the benefits of the alleged contract.  *In re Google RTB Consumer Priv. Litig*., 606 F. Supp. 3d 935 (N.D. Cal. 2022) (citing *Guz*, 24 Cal. 4th at 353).

While the breach of contract claim alleges that Defendant breached the contract by failing to pay royalties owed, (Dkt. No. 1, Compl. ¶ 9), the breach of the implied

covenant claim alleges that Defendant unfairly interfered with Plaintiff's right to receive the benefits of the Agreement by interpreting the Agreement did not include the devices Defendant was selling, such that Plaintiff was not entitled to earn royalties at all, and negotiating with third parties or otherwise interfering with Plaintiff's right to receive royalties.[2]  (*Id.* ¶ 15.)  Plaintiff further claims that Defendant breached the implied covenant by claiming Plaintiff was not entitled to receive a royalty under the Agreement.  (*Id.* ¶¶ 9, 16.)

Accordingly, the Court finds that Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing has stated a claim and is not duplicative of the first cause of action for breach of contract.  *See, e.g., Daly v. United Healthcare Ins. Co.*, No. 10-CV-03032-LHK, 2010 WL 4510911, at *6-7 (N.D. Cal. Nov. 1, 2010) (denying a motion to dismiss where the plaintiff alleged that defendant acted in bad faith to deny plaintiff the benefits of the contract); *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852-53 (C.D. Cal. 2004) (denying a motion to dismiss where the plaintiffs alleged that defendants intentionally frustrated plaintiffs' enjoyment of their rights under the contract).  Therefore, the motion to dismiss this cause of action is DENIED.

**C.    Third Cause of Action – Restitution for Unjust Enrichment**

Defendant moves to dismiss the restitution claim for unjust enrichment on the ground that, as a matter of law, it is not a stand-alone cause of action, and Plaintiff cannot assert a quasi-contract claim when he alleges the existence of a contract.  (Dkt. No. 5-1 at 8.)  Defendant further argues that Plaintiff failed to allege that he conferred any monetary or tangible benefit on Defendant that can be returned to Plaintiff.  (*Id.* at 9.)  Plaintiff responds that he is allowed to state alternate theories of recovery and that the claim for restitution has been adequately alleged by claiming Defendant was unjustly conferred a

---

[2] Defendant failed to address the allegations in paragraph 15 which provides supporting facts to support breach of the implied covenant of good faith and fair dealing.

benefit through mistake, fraud, coercion, or request and by alleging general damages. (Dkt. No. 8 at 10.)

While there is no cause of action in California contract law labeled restitution for unjust enrichment, such claims may be construed as quasi-contract claims seeking restitution. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The theory underlying these claims is that the defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request and the remedy typically sought is the return of that benefit. *Id*. However, quasi-contract claims for restitution based on unjust enrichment cannot be asserted when there are enforceable agreements covering the subject matter. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012). To avoid being precluded from asserting a quasi-contract claim in the alternative under the theory of unjust enrichment, the plaintiff must deny the existence of enforceable agreements in their quasi-contract claim or show that the agreement does not govern the underlying subject matter. *Id.* at 1389.

In this case, Plaintiff alleges that he conferred a benefit on Defendant by developing a lateral interbody device sold by Defendant and is entitled to restitution for any benefit that Defendant has unjustly retained. (Dkt. No. 1, Compl. ¶¶ 19-20.) Yet, Plaintiff does not claim that the Agreement does not cover this subject matter or deny the existence of an enforceable agreement. (*Id.*)

To the extent that Defendant argues that Plaintiff failed to sufficiently allege that he conferred a tangible or monetary benefit upon Defendant that could support the unjust enrichment claim, Plaintiff's allegation that he developed a lateral interbody device sold by Defendant for which Defendant failed to pay royalties is sufficient to support this quasi-contract claim. *Calco v. Ossur Americas, Inc.*, No. SACV22-01971CJC-KESx, 2023 WL 4291655, at *4 (C.D. Cal. Apr. 5, 2023) (holding that the plaintiff's allegations that the defendant used his inventions without paying the royalties owed are sufficient to state a claim for unjust enrichment in quasi-contract). However, Plaintiff has not sufficiently alleged a quasi-contract claim for restitution based on unjust enrichment in

the alternative to the breach of contract and breach of the implied covenant claims because Plaintiff has not stated that the Agreement does not cover this subject matter and does not otherwise deny the existence of an enforceable agreement. *See e.g., Klein*, 202 Cal. App. 4th at 1389-90 (precluding plaintiffs from asserting a quasi-contract claim where they failed to allege that they did not have a contract governing the underlying subject matter of their claims); *Sepanossian v. Nat'l Ready Mix Co., Inc.*, 97 Cal. App. 5th 192, 207 (2023) (precluding a plaintiff from asserting a quasi-contract claim where the breach of contract claim alleged the existence of enforceable contracts and the quasi-contract claim did not deny the existence of enforceable contracts).

Therefore, the Court GRANTS Defendant's motion to dismiss the third cause of action. In the event the Court dismisses any claim, Plaintiff requests leave to file an amended complaint. (Dkt. No. 8 at 10.) Because leave to amend would not be futile, the Court grants Plaintiff leave to amend to file an amended complaint. *See Chubb*, 710 F.3d at 956 (holding that leave to amend should be granted freely unless attempts to amend to cure deficiencies would be futile).

## Conclusion

Based on the above, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss with leave to amend. Specifically, the Court DENIES Defendant's motion to dismiss the second cause of action for breach of the implied covenant of good faith and fair dealing and GRANTS Defendant's motion to dismiss the third cause of action for restitution for unjust enrichment. Plaintiff shall file an amended complaint on or before **September 16, 2024.**

**IT IS SO ORDERED.**

Dated:  August 23, 2024

Hon. Gonzalo P. Curiel
United States District Judge